**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2838
_____

UNITED STATES OF AMERICA

v.

JOHN NAPOLI, a/k/a JUNIOR

John Napoli,
  Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2:07-cr-00075-001)
District Court Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 19, 2016

Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 24, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Napoli appeals the District Court's order authorizing the Government to seize the money in his inmate trust account as substitute property in satisfaction of a personal money judgment. We will affirm.

Napoli was a high-ranking official in the Pennsylvania chapter of Breed, a motorcycle gang that profited from, inter alia, distributing crystal methamphetamine. In 2007, he was charged via superseding indictment with conspiracy, extortion, drug and gun offenses, and Violent Crime in Aid of Racketeering offenses. The indictment also contained a notice of forfeiture, notifying Napoli that the Government would seek to seize his profits from the drug conspiracy pursuant to 21 U.S.C. § 853.

Following Napoli's conviction, the District Court entered a judgment and order of forfeiture requiring Napoli to forfeit $223,500 of currency already seized, several vehicles, motorcycles, and weapons. The forfeiture order also subjected Napoli personally to a $6 million money judgment—the amount of revenue generated by the gang's criminal activities. Napoli's conviction and sentence were affirmed on direct appeal. See United States v. Heilman, 377 F. App'x 157, 165 (3d Cir. 2010).

In 2015, the Government filed a motion seeking to seize money it found in Napoli's inmate trust account in partial satisfaction of the $5.75 million he still owed on the $6 million judgment. Napoli opposed the motion, arguing that, before it could seize substitute property, the Government must comply with the due process protections codified in 21 U.S.C. § 853(p)—i.e. the Government must show that after exercising due diligence, and as a result of Napoli's act or omission, it could not locate the $5.75 million

2

generated by the criminal conspiracy necessary to satisfy the judgment. Napoli argued that the Government's motion offered no evidence—in the form of an affidavit from an investigator, for example—that the Government exercised due diligence or that Napoli's act or omission placed the unlawfully obtained $5.75 million beyond the Government's reach.

The Government replied, arguing that it was not required to make the § 853(p) showing because Napoli was subject to a personal money judgment. Nevertheless, the Government also submitted a declaration from a Deputy United States Marshall, who declared that Napoli owed $5,741,500 of the $6,000,000 money judgment. The Deputy further declared that in March 2012, he conducted an investigation of Napoli's assets, "including the review of financial documents, the tracing of real estate transfers and a complete investigation of the assets" of Napoli and of his family members; that investigation uncovered no "substantial assets."

The District Court granted the Government's motion, ruling that the Government satisfied § 853(p) and thus the money in Napoli's inmate trust account could be seized as "substitute property."[1] Specifically, the District Court found that Napoli earned several million dollars from the gang's crimes and that because neither he nor his family had any

---

[1] Alternatively, the District Court concluded that Government need not make the § 853(p) showing because it sought to seize cash, albeit untraceable to the crime, in satisfaction of a personal money judgment. Because we conclude that the District Court did not err in determining that the Government satisfied § 853(p), we need not address the alternative basis for the Court's ruling.

substantial assets, it was reasonable to conclude that Napoli had dissipated that money through his acts or omissions. Napoli timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999) (holding that an order of forfeiture is a final order with respect to the defendant from which he can appeal). We review the District Court's legal conclusions de novo and its finding of facts for clear error. See United States v. Gordon, 710 F.3d 1124, 1165 (10th Cir. 2013); see also United States v. Sokolow, 91 F.3d 396, 414 (3d Cir. 1996).

Federal Rule of Criminal Procedure 32.2(e)(1)(B) authorizes the Government to move for an order of forfeiture, or to amend an existing order, to include property that is "substitute property that qualifies for forfeiture under an applicable statute." Section 853(p) provides, as relevant here, that a defendant's substitute property may be forfeited, if, as a result of an act or omission of the defendant, the forfeited property "cannot be located upon the exercise of due diligence." § 853(p).

The District Court did not clearly err in finding—as a matter of fact—that the Government satisfied § 853(p). "The Government generally has little difficulty in making the necessary showing under § 853(p)." Gordon, 710 F.3d at 1166 (alteration omitted) (quoting Stefan D. Cassella, Asset Forfeiture Law in the United States § 22–3, at 643 (2007)). Here, the District Court, which presided over Napoli's trial and sentencing, noted that Napoli's crimes "earned him several million dollars." Napoli did not dispute that fact in the District Court, nor has he done so on appeal. The District Court also

4

found that the Government had exercised due diligence in attempting to locate that money; that finding credited the declaration of the Deputy, who conducted a full financial investigation and found that neither Napoli nor his family possessed substantial assets.[2] Moreover, because the District Court found that Napoli earned several million dollars from the gang's unlawful activities, and because that money could not be located, it was reasonable for the District Court to conclude that Napoli had dissipated that money through his acts or omissions. See id. ("Because the directly forfeitable 'assets' previously identified consisted largely of a now uncontested money judgment, and the money could not be found in Mr. Gordon's accounts, it was reasonable for Mr. Taylor to infer, and the district court to find, that the money was dissipated due to Mr. Gordon's conduct."); United States v. Smith, 770 F.3d 628, 642 (7th Cir. 2014) (concluding in similar circumstances that assets qualified as substitute property).

For these reasons, we will affirm the judgment of the District Court.[3]

---

[2] The District Court did not abuse its discretion in considering the Deputy's affidavit, which was submitted with the Government's reply. The Government's motion alerted Napoli that it was moving to seize the money in his inmate trust account under, inter alia, § 853(p). Napoli responded to that motion, arguing that the Government had not made a proper showing under § 853(p). The District Court, in its broad discretion, could properly consider the Government's evidence submitted to rebut Napoli's arguments. See generally United States v. Voigt, 89 F.3d 1050, 1088 (3d Cir. 1996); Cifarelli v. Vill. of Babylon, 93 F.3d 47, 53 (2d Cir. 1996).

[3] In reaching this conclusion, we have considered the evidence Napoli wishes to add to the record on appeal. Because his submissions do not alter our decision here, his motion to supplement the appellate record is denied.